```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GENE R. ROMERO, et al.           :    CIVIL ACTION
                                 :
        v.                       :
                                 :
ALLSTATE INSURANCE COMPANY,      :
et al.                           :    NO. 01-3894
_____

GENE R. ROMERO, et al.           :    CIVIL ACTION
                                 :
        v.                       :
                                 :
THE ALLSTATE CORPORATION,        :
et al.                           :    NO. 01-6764
_____

EQUAL EMPLOYMENT OPPORTUNITY     :    CIVIL ACTION
COMMISSION                       :
                                 :
        v.                       :
                                 :
ALLSTATE INSURANCE COMPANY,      :
et al.                           :    NO. 01-7042
```

O R D E R

Fullam, Sr. J.                                          June 20, 2007

       By memorandum and order dated March 21, 2007, I notified the parties as to my tentative conclusions as to the ultimate merit of these related cases, and invited counsel to submit briefs before issuing a final ruling. I have considered the supplemental submissions of the parties, and now hold that:

       1. For the reasons stated in the decision of the Eleventh Circuit Court of Appeals in <u>Scott v. Administrative</u>

<u>Comm. of the Allstate Agents Pension Plan</u>, 113 F.3d 1193 (11th Cir. 1997), and the later decision of the United States District Court for the Southern District of Florida in <u>Swain v. Allstate Ins. Co.</u> (No. 96-0998)(Jan. 22, 1999), the questioned amendments to the Allstate Pension Plan were validly adopted and became effective.

    2.   The decision of the Seventh Circuit Court of Appeals in <u>Isbell v. Allstate Ins. Co.</u>, 418 F.3d 788 (7th Cir. 2005), warrants the conclusion that plaintiffs' claims of ERISA violations, age discrimination, and retaliation must fail.

    3.   To the extent that this Court's Order of March 3, 2004 declared that the releases were voidable, that decision was in error and is hereby VACATED.  Alternatively, the validity of the releases has become moot.  Thus, the decision of the Court of Appeals in <u>Jakimas v. Hoffmann-LaRoche</u>, 2007 WL 1394484 (3d Cir. May 14, 2007), does not affect my ruling.

    4.   The following Motions are GRANTED:

        a.   Defendants' Motions for Summary Judgment (Document Nos. 148 and 150 in 01-3894);

        b.   Plaintiffs' Motions for Leave to File (Document Nos. 166 and 179 in 01-3894);

        c.   Defendants' Motion to Dismiss (Document No. 29 in 01-6764);

       d.    Defendants' Motion for Summary Judgment (Document No. 42 in 01-7042).

5. The following Motions are DENIED:

       a.    Defendants' Motion for Attorney Fees (Document No. 21 in 01-6764);

       b.    Plaintiffs' Motion for Reconsideration of Dismissal of Employee Definition Amendment Claim (Document No. 31 in 01-6764).

6. All other pending motions are DISMISSED AS MOOT.

7. Counsel may submit within 20 days of the date of this Order any issues that must be resolved before the case-files are closed.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,      Sr. J.

3